UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVONNE A. BLANCO,

                Plaintiff,

       -against-

ERIC JORDAN,

                Defendant.

21-CV-4903 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff Ivonne Blanco, who is appearing *pro se*, brings this action against Defendant Eric Jordan. Plaintiff does not state any facts regarding Defendant's involvement in any conduct involving Plaintiff. Plaintiff rather provides a statement of facts describing different events that transpired during her life. By order dated September 28, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

       For the reasons set forth in this order, the Court dismisses the action as frivolous and warns Plaintiff that further duplicative or frivolous litigation in this court will result in an order barring Plaintiff from filing new actions IFP in this court, without prior permission.

## STANDARD OF REVIEW

       The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, who resides in Delaware, brings this complaint without asserting any claims or alleging any facts describing how Defendant violated any of her rights. She instead alleges the following:[1]

> They were to prepare me for a mission in my life. I don't know in that time wha[t] happened with me. I've been through difficult moments. Not as difficult as when I cam[e] to this country. In 1980 May 7 when I came here I was happy full of dreams. Everything was frustrating they prepare me for a mission & put high radioactive in reg[]ard to a poucy [sic]. In that time I was living for 14 years in 4455 Broadway Apr 1J New York NY 10040. In that time I still ignored what happened to me people invaded my privacy with computers 'internec, radio, television due to the chemical they would open my apartment and steel stuff. I change my look alot but everything was impossible. One day they wrote something in the newpaper there was money stashed in my apt. I destroyed the walls furniture clothes and floor and everything. I tried to find what they were looking for. I fixed back everything I wasn't enough. In that time I had a partner he was [a] photographer, we had [a problem] because he brought his wife from the Dominican Republic[ ] and he wanted me to stay in a relationship with him we went to a party and he took a lot of pictures of me the following day they were

---

[1] The Court quotes from the complaint without altering spelling and grammar mistakes, except where alterations may assist the reader.

> published it would wide has bat bat bream. He put something in my food that made my brean smell & my clothes smell really bad also my apartment smelled foul.

(ECF 1, at 1-2.) At some point, Plaintiff

> went to federal court [and] payed a lot of money. I closed the records I payed the law[y]er. In order to clarify[]y my situation but it was impossible they stole my records cheated me and t[h]rew me out of court. … I returned home and put gasoline all over my mouth I went to the hospital and they pumped my stomach from there they sent me to a psychiatric facility and diagnosed me paranoid schizophrenic until now. I was under a rigorous treatment and I was on disability.

(*Id.* at 4.)

Plaintiff attaches to her complaint a page from an order in a prior action that she had filed approximately 10 years ago, in this court, against the same defendant, Eric Jordan. *See Blanco v. Jordan*, ECF 1:11-CV-6812, 1 (S.D.N.Y. May 8, 2012). That complaint, which is nearly identical to the pleading filed in this action, was dismissed for failure to state a claim. *See* ECF 1:11-CV-6812, 15. Court records show that Plaintiff filed another action, approximately 15 years ago, also against Jordan, that was dismissed for failure to prosecute. *See Blanco v. Jordan*, ECF 1:06-CV-1018, 15 (S.D.N.Y. Oct. 25, 2006). After the 2006 action was dismissed, on August 18, 2011, Plaintiff filed an amended complaint, which also is nearly identical to the complaint in this action. *See* ECF 1:06-CV-1018, 13.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which  Choose an item. can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

3

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## WARNING

Plaintiff has filed five other actions in this court that were dismissed as frivolous, for failure to prosecute, or for failure to state a claim. *See Blanco v. Judgment Debtor*, ECF 1:16-CV-6115, 6 (S.D.N.Y. Nov. 21, 2016) (dismissed *sua sponte* as frivolous); *Blanco v. Ademco-Alarm Device MFG Co.*, ECF 1:16-CV-5933, 4 (S.D.N.Y. Feb. 10, 2017) (same); *Blanco v. Jordan*, ECF 1:11-CV-6812, 15 (S.D.N.Y. May 8, 2012) (dismissed *sua sponte* for failure to state a claim); *Blanco v. Jordan*, ECF 1:06-CV-1018, 15 (S.D.N.Y. Oct. 25, 2006) (dismissed without prejudice for failure to prosecute); *Blanco v. United States*, No. 94-CV-7564 (S.D.N.Y. Oct. 19, 1994) (dismissed *sua sponte* as frivolous).

In light of Plaintiff's litigation history, the Court warns Plaintiff that further duplicative or frivolous litigation in this court will result in an order barring Plaintiff from filing new actions IFP in this court, without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

The Court directs the Clerk of Court to restrict access to the complaint to the parties because Plaintiff includes her full social security number in an attachment to the complaint. *See* Fed. R. Civ. P. 5.2(a)(1)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 25, 2021
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge